ARMSTRONG *v.* OAKLAND VINEGAR & PICKLE CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION LAW — APPEAL AND ERROR—FINDINGS OF INDUSTRIAL ACCIDENT BOARD—REVIEW.

A finding of the industrial accident board will be reviewed where there is no evidence to sustain it.

2. SAME—WORKMEN'S COMPENSATION LAW—NOTICE OF INJURY.

The contention that the defense of want of notice of the injury should not be entertained because not urged before the industrial accident board was untenable on certiorari

to review the action of the board in awarding compensation to an employee where counsel for respondent in answer to questions put by the chairman of the board stated that they denied liability on the ground that they had no notice of claim for compensation or notice of injury as provided by the act.

3. SAME.

Under the workmen's compensation act, part 2, § 15 (2 Comp. Laws 1915, § 5445), providing that "no proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer three months after the happening thereof and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity," a notice of injury must be given within three months of the happening of an accident.[1]

Certiorari to Industrial Accident Board. Submitted June 19, 1917. (Docket No. 88.) Decided July 26, 1917.

William Armstrong presented his claim against the Oakland Vinegar & Pickle Company for injuries in defendant's employ. From an order awarding compensation, defendant and the Standard Accident Insurance Company, insurer, bring certiorari. Reversed.

*Keena, Lightner, Oxtoby & Hanley*, for appellants.

*Otto & Davis* (*R. L. Crane*, of counsel), for appellee.

MOORE, J. This is certiorari to review the action of the industrial accident board.

William Armstrong was, previous to November 16, 1915, in the employ of the respondent. The parties

---

[1] On construction and effect of workmen's compensation acts, generally, see comprehensive note in L. R. A. 1916A, 23.

were under the provisions of the workmen's compensation act. On May 4, 1916, applicant served notice on the employer of a claim for injury under the compensation act, occurring on November 16, 1915, at employer's factory. On the same day applicant gave written notice to the industrial accident board that the parties had failed to reach an agreement in regard to compensation, and made application for the adjustment of compensation. Thereupon a committee of arbitration was appointed and a hearing was had. Respondents denied liability: *First,* Because the appendicitis did not result from an accident; and *second,* That no notice of the injury had been given to the employer as required by the statute. The arbitration committee found in favor of applicant, and upon a review thereof by the industrial accident board the award of the committee on arbitration, with a slight modification, was affirmed.

The sole question urged by the respondents here is that the employer did not have that knowledge of the accident which is a prerequisite to the allowance of a claim under sections 15 to 18 of part 2 of the statute (2 Comp. Laws 1915, §§ 5445-5448). It is admitted that no written notice of this accident was given to the employer until May 4, 1916, more than five months after the occurrence. The provisions of the statute calling for construction read:

"SEC. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.

"SEC. 16. The said notice shall be in writing, and

shall state in ordinary language the time, place and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf.

"SEC. 17. The notice shall be served upon the employer or an agent thereof. Such service may be made by delivering said notice to the person on whom it is to be served, or leaving it at his residence or place of business, or by sending it by registered mail addressed to the person or corporation on whom it is to be served, at his last known residence or place of business.

"SEC. 18. A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of the injury unless it is shown that it was the intention to mislead, and the employer, or the insurance company, carrying such risk, or the commissioner of insurance, as the case may be, was in fact misled thereby. Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

It is said that as the board returns that the employer had actual knowledge of the accident, we must assume it as a fact in the case. We have often held that if there is any evidence upon which to base a finding of the board, we will not review the finding, but we have never held that, in the absence of any evidence, the finding would not be reviewed.

On the part of the claimant it is urged that the defense of want of notice was not urged below, and should not be entertained. This contention is answered by that part of the record which reads:

*"Chairman:* Do you deny liabilities?

*"Mr. Robinson:* Yes, we deny liability on the grounds that the man suffered no accident; that at least none that resulted in his disability complained of.

*"Chairman:* Is that your only reason?

*"Mr. Robinson:* That is the only reason for it.

*"Chairman:* Under the rules we would like to have your reasons for denying liability at this time, all of

your reasons. That is in accordance with rule 5, which you are familar with.

"*Mr. Robinson:* Have you a copy of that rule?

"*Chairman:* I don't find anything in the files in your position.

"*Mr. Robinson:* Well, we deny liability on the ground, to be more specific, that appendicitis is not the result of an accident, and that we had no notice of claim for compensation or notice of injury as provided for by the compensation act. I think that states it in full."

After claimant was hurt he obtained permission to go home, from the foreman. As to this he testified in part:

"I told him my side hurt me so.

"*Q.* Tell him you were sick?

"*A.* No; I told him my side pained me so I had to go home.

"*Q.* You didn't tell him about any accident?

"*A.* No, sir."

The foreman testified in relation to this as follows:

"*Q.* Do you remember Mr. Armstrong coming to you about any sickness or pain or anything of that kind along in November last?

"*A.* Yes, sir.

"*Q.* What did he say there when he came to you?

"*A.* Why he simply said that he guessed he would go home; he was sick to his stomach. I told him all right, and put his time down.

"*Q.* Did he mention having an accident?

"*A.* No, sir.

"*Q.* State when was the first you knew of his claiming to have had an accident along about that time.

"*A.* I didn't know of any accident until he was home this last time. Some time in May I think it was."

But it is said the foreman and the general manager both contributed to a fund while claimant was in the hospital and must have known that he was there as the result of an accident. This conduct was consistent

with a desire to help a worthy man who was ill, and ignores the positive testimony of the foreman and the manager that they had no knowledge that he was in the hospital as the result of an accident.

It is said Mr. Premo knew of the accident, and that he is a sort of a foreman, and his knowledge must be attributed to the employer. The record shows beyond any controversy that Mr. Premo was an employee and not a foreman.

It is strenuously urged that following the accident the claimant was incapacitated from giving the notice, and that after the incapacity was removed the notice was given in time.

The provision of the statute in relation to incapacity applies to the claim for compensation, but does not apply to notice of the injury.

The language of the statute is not ambiguous:

"No proceedings for * * * an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer three months after the happening thereof."

It is urged that claimant has a meritorious claim, that it will be a great hardship to him to deny him compensation, and the statute should be given a practicable construction, counsel citing *Simon* v. *Cathroe Co.* (Neb.), 162 N. W. 633. A reference to that case will show it to be different from the instant case. The Nebraska statute (Rev. Stat. 1913, § 3674), provides that:

"A notice of the injury shall have been given to the employer as soon as practicable after the happening thereof."

The case also shows that both defendants had knowledge of the accident a few days after it occurred.

We have no cases of our own that are on all fours with the instant case. Like provisions, however, have been construed. See *Jackson* v. *Vickers*, 5 B. C. C.

432; *Pimm* v. *Clement Talbot*, 7 B. C. C. 565; *Plumley* v. *Ewart & Son*, 8 B. C. C. 464. Giving notice of the injury is important to the employer as it affords an opportunity for investigation, while the facts are accessible. If it may be argued that the time in which to give notice is insufficient the argument should be addressed to the legislature.

The award must be set aside.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.