Sherman v. Flint Spring Water Ice Co.

Master and Servant—Workmen's Compensation Act—Freezing of Fingers Not An Accidental Injury.

Where an employee of an ice company engaged in harvesting ice accidentally fell and got his hand and mitten wet when the temperature was 17 degrees below zero, and thereafter he continued at work with the wet mitten on his hand, with the result that his thumb and some of his fingers were frozen, the company was not liable therefor, the freezing not being an accident within the meaning of the workmen's compensation act.[1]

Certiorari to Department of Labor and Industry. Submitted January 8, 1925. (Docket No. 56.) Decided April 3, 1925.

George Sherman presented his claim for compensation against the Flint Spring Water Ice Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Standard Accident Insurance Company, insurer, bring certiorari. Reversed, and order vacated.

*Lightner, Oxtoby, Hanley & Crawford,* for appellants.

*Frank W. Cain,* for appellee.

BIRD, J. George Sherman was employed by defendant ice company in January, 1924, to assist in harvesting ice. His duty was to push cakes of ice, 18 feet square, through a 20-foot channel, up to the saws where they were cut into smaller cakes. He did this by means of a pike pole. Planks were laid upon the edge of the channel for the men to walk on. While

[1] Workmen's Compensation Acts, § 54.
On recovery under workmen's compensation act for injury caused by freezing, see note in L. R. A. 1918F, 936; 13 A. L. R. 975; 16 A. L. R. 1038; 25 A. L. R. 146.

inserting his pike pole into one of the large cakes the ice gave away at the point of insertion and caused him to lose his balance.  In order to save himself he threw his right hand forward and it went into the water far enough to wet the mitten which he was wearing.  When he got straightened up he took off the mitten, dried his hand on his clothing, and then put the wet mitten on again.  In this way he worked about two hours to quitting time.  When he quit work he removed the mitten and discovered his thumb and some of his fingers were frozen.  The day was very cold, the thermometer registering 17 degrees below zero.  Plaintiff made application for an award and it was granted.

The defendants deny liability on the ground that there was no accident within the meaning of the compensation law.  Plaintiff argues that it was the slipping and falling which constituted the accident.

If we concede that the slipping and falling constituted an accident, it does not materially strengthen plaintiff's case, because no injury resulted therefrom. As soon as plaintiff straightened up and stood on his feet he was as physically intact as he was the moment before he fell.  When he fell, had he broken his arm or sprained his wrist, it would have presented a different question.  The injury which plaintiff received was not the result of slipping and falling, but was the result of deliberately wearing a wet mitten for two hours, when the thermometer was 17 degrees below zero.  After he fell and wet his mitten, had he dried it, or thrown it aside and obtained another, he would probably have had no injury, but, be that as it may, wearing a wet mitten on a zero day and freezing his hand is not an accident within the meaning of the compensation act.  Getting one's hands wet and cold, and one's mittens wet, while engaged in handling ice are natural, if not necessary, incidents of the work.  *Landers v.*

*City of Muskegon,* 196 Mich., 750 (L. R. A. 1918A, 218); *Savage v. City of Pontiac,* 214 Mich. 626. We think no compensable accident was shown.

For these reasons the award must be vacated.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.