MAUCH v. BENNETT & BROWN LUMBER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCI-
DENTAL INJURY—EVIDENCE—SUFFICIENCY.

Testimony by a physician that a workman's great toe
would probably not have frozen had he not, shortly before,
received an injury thereto, was sufficient to support the
finding of the department of labor and industry that the
freezing and consequent gangrene, operation, and resulting
disability were due to an accidental injury, within the
meaning of the workmen's compensation act, and is there-
fore conclusive.[1]

2. SAME—DEMAND FOR COMPENSATION SUFFICIENTLY UNEQUIVOCAL.

A letter written by an employee to his employer stating
that the writer was in a hospital laid up since he froze
his foot in his employment, that he was ready to leave
as soon as he received his compensation, and requesting
the employer to see what he could do about it, was a de-
mand for compensation sufficiently unequivocal to comply
with the statute (section 15, pt. 2, Act No. 64, Pub. Acts
1919; Comp. Laws Supp. 1922, § 5445).[2]

3. SAME—NOTICE OF INJURY—SUFFICIENCY OF INACCURATE NOTICE.

Notice by an injured employee to his employer of the re-
sult of an accident rather than of the accident itself,
although inaccurate, was sufficient under the statute (sec-
tion 17, pt. 3, Act No. 64, Pub. Acts 1919; Comp. Laws
Supp. 1922, § 5470), in the absence of a showing by the
employer that he was harmed by the inaccuracy.[3]

4. SAME — BURDEN OF PROOF ON EMPLOYER TO SHOW HE WAS
HARMED BY INACCURACY OF NOTICE.

Where the notice of injury was sufficient to put the em-
ployer on inquiry, if he was harmed by the inaccuracy of
the notice, he has the burden of showing it.[4]

---

[1]Workmen's Compensation Acts, C. J. § 55; [2]Id., C. J. § 103;
[3]Id., C. J. § 103; [4]Id., C. J. § 103.

On conclusiveness of findings as to what constitutes an acci-
dent or personal injury within the meaning of workmen's com-
pensation acts, see note in L. R. A. 1918F, 877.

Recovery for injury from freezing under workmen's compen-
sation acts, see notes in 13 A. L. R. 975; 16 A. L. R. 1038; 25
A. L. R. 146.

Form and contents of notice of injury and claim for com-
pensation, see notes in L. R. A. 1917D, 137; L. R. A. 1918E, 558.

5. SAME—AMOUNT OF COMPENSATION.
    Where the only evidence on the subject showed that an
    injured employee's weekly wages were $19.86, the maxi-.
    mum compensation for disability under the statute (sec-
    tion 10, pt. 2, Act No. 64, Pub. Acts 1919; Comp. Laws
    Supp. 1922, § 5440) would be $11.92 per week rather than
    $14 as awarded by the department of labor and industry.[5]

6. SAME—AWARD FOR MEDICAL ATTENTION JUSTIFIED.
    An award for medical attention, *held*, supported by evi-
    dence, and therefore conclusive.[6]

Certiorari to Department of Labor and Industry.
Submitted April 7, 1926.    (Docket No. 26.)    De-
cided July 1, 1926.

John Mauch presented his claim for compensation
against the Bennett & Brown Lumber Company for an
accidental injury in defendant's employ.    From an
order awarding compensation, defendant and the Hart-
ford Accident & Indemnity Company, insurer, bring
certiorari.    Modified and affirmed.

*Derham & Derham,* for appellants.

CLARK, J.    Plaintiff testified that on or about Jan-
uary 1, 1924, while employed as a logger, a canthook
fell on his foot, bruising a great toe which soon there-
after was frozen.    He froze no other part of his
body.    A physician testified:

"He would not have frozen the toe, in all probability,
if he had not received the injury and disturbed the
normal circulation."

Gangrene, operation, and resulting disability fol-
lowed.    An award of compensation is reviewed on
certiorari.

1. That the disability was due to freezing and not
to an accident within the meaning of the act.    Doubt-
less the gangrene, the operation, and the disability re-

---

[5]Workmen's Compensation Acts, C. J. § 80; [6]Id., C. J. § 97.
    235—Mich.—32.

sulted directly from the freezing, but, there being evi-
dence that the freezing was a consequence of the prior
accidental personal injury arising out of and in the
course of the employment, the department might and
did find as a fact that the disability was due to the
accident.    The finding has some evidence to support
it and therefore is conclusive on this court.

2. That claim for compensation was not made within
six months as provided by section 15, pt. 2, Act No.
64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5445).

On March 25, 1924, plaintiff sent to defendant em-
ployer the following letter:

"St. Mary's Hospital, Marquette, Michigan.
                                        3-25-24.
"Just dropping you a few lines to ask you about my
compensation because I was laid up since the 31st of
January.    I froze my foot while in your employ and
was taken to St. Mary's Hospital January 8, 1924,
and had my toe amputated on the 14th of January
and as soon as I receive compensation I am ready to
leave the hospital.    See what you can do about it.
                              "Yours,
                              "JOHN MAUCH,
                                "Marquette."

Counsel say that this is not an unequivocal demand
for compensation and therefore insufficient, citing
*Rubin* v. *Fisher Body Corp.*, 205 Mich. 605.    We think
the claim is sufficient and unequivocal.

3. That no notice of injury was given to the em-
ployer within three months as provided by the statute
cited above.    The claim for compensation was made
within the three months.    On January 12, 1924, the
employer made to the department report of compen-
sable accident.    Section 17, pt. 3, Act No. 64, Pub.
Acts 1919 (Comp. Laws Supp. 1922, § 5470).    Neither
paper speaks of the bruise.    Both speak of the freez-
ing.    In such notice as the plaintiff gave to his em-
ployer during the period of three months he spoke
of the result rather than the cause of his injury—of

the consequence of the accident rather than of the accident itself. Such notice was inaccurate. But accuracy and nicety of statement are not required imperatively. The importance of the notice of injury is that the employer may have opportunity for investigation while the facts are accessible. *Armstrong* v. *Oakland Vinegar & Pickle Co.,* 197 Mich. 334. The mere freezing was not an accident. *Sherman* v. *Flint Spring Water Ice Co.,* 229 Mich. 648. But, while the plaintiff's notice of injury was inaccurate, the employer had notice that plaintiff claimed of the freezing an accidental personal injury under the act and sought compensation therefor; in effect, that it was fortuitous, accidental. It was at least sufficient to put the employer on inquiry. If the employer was harmed by the inaccuracy he has the burden of showing it. *Pardeick* v. *Iron City Engineering Co.,* 220 Mich. 653. There is no such showing. In these circumstances, the department, in treating the employer as having had sufficient notice of injury, must be sustained.

4. That the award of allowance per week, $14, is excessive. Plaintiff's wages were $55 a month and board. The only evidence we find of the total of this in money is the report of the employer giving the average weekly wages as $19.86. The maximum weekly allowance therefore is $11.92 per week. Section 10, pt. 2, Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5440).

5. That the award for medical attention is erroneous in fact. There is evidence to support the action of the department and it is therefore conclusive.

The cause is remanded to the department for correction of the weekly allowance and the award otherwise is affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.