BURZYNSKI *v.* PACKARD MOTOR CAR CO.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—NOTICE AND APPLICATION FOR ADJUSTMENT OF CLAIM—SERVICE ON EMPLOYER.

   The department of labor and industry is not required to serve an employer a duplicate notice and application for adjustment of claim filed with it by an employee under the occupational

disease amendment of the workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 61, Pub. Acts 1937).

2. SAME—CLAIM FOR COMPENSATION—OCCUPATIONAL DISEASES—DISABLEMENT—LIMITATION OF ACTIONS.

Claim of compensation under occupational disease amendment to workmen's compensation act cannot be sustained where no claim was made upon employer, either written or orally, within 120 days from the time of disablement (Act No. 10, pt. 7, § 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—HERNIA—NOTICE OF DISABLEMENT—REPORT OF INJURY.

Employee who suffered hernia November 30, 1937, was advised by employer's physician that if he had an operation he could receive aid insurance and where he could buy a truss but, where it is not shown the employee lost any wages while with the employer or that latter had any knowledge of the employee's disability until claim for compensation under the occupational disease amendment to the workmen's compensation act was served upon employer in September, 1938, employee was precluded from recovering compensation as employer was not, under such circumstances, obliged to file a report of a compensable accident (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 61, Pub. Acts 1937).

4. SAME—HERNIA—REHABILITATION—EVIDENCE.

In proceeding to recover compensation for hernia under occupational disease amendment to the workmen's compensation act, record *held*, not to substantiate claim that plaintiff was transferred from one department to another in an effort at rehabilitation and because of his disability (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 61, Pub. Acts 1937).

5. SAME—CORRECTION OF MINOR ERROR IN REPORTS.

Fact that employer, after filing a report of noncompensable accident in January, 1938, stating date of that report to be January 4, 1937, filed a corrected report in April, 1938, showing date of first report to have been January 4, 1938, gave no advantage to plaintiff where accident, as reported, occurred November 30, 1937, the correction being of a minor, unimportant typographical error.

6. SAME—APPEARANCE OF DISABILITY—CLAIM FOR COMPENSATION.

Contention that claim for compensation under occupational dis-

ease amendment to workmen's compensation act, not filed within 120-day period from disablement, was valid because hernia did not develop or make itself apparent within six months of the injury *held*, without merit, where injury was sustained November 30, 1937, and evidence on behalf of plaintiff shows that disability began on March 9, 1938 (2 Comp. Laws 1929, § 8431; Act No. 10, pt. 7, § 10, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted April 18, 1940. (Docket No. 41, Calendar No. 40,821.) Decided June 5, 1940.

Frank Burzynski presented his claim for compensation for hernia against Packard Motor Car Company. Plaintiff reviews award to defendant by appeal in the nature of certiorari. Affirmed.

*I. W. Ruskin,* for plaintiff.

*Carl R. Binns* (*Henry E. Bodman,* of counsel), for defendants.

McALLISTER, J. Plaintiff, while in the employ of defendant, suffered a hernia on November 30, 1937, as a result of a strain arising out of and in the course of his employment. Notice of the injury was given to defendant, and a report of noncompensable accident was filed with the department of labor and industry on January 7, 1938. On April 25, 1938, plaintiff filed with the department a notice and application for adjustment of claim for the injury, together with a duplicate copy. On September 26, 1938, plaintiff filed with the department a similar notice and application on a new form provided for occupational hernia. On hearing before the deputy commissioner, compensation was denied; and on review such action was affirmed by the department.

If plaintiff's notice of April 25, 1938, had been served upon the defendant, he would be entitled to compensation upon proof of loss and disability. It was apparently believed that the department would cause the duplicate copy of the claim which was filed to be served upon defendant, but the statute does not so provide. The claim must be made upon the employer, either written or orally, within 120 days from the time of disablement. Act No. 10, pt. 7, § 10, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-10 [Stat. Ann. 1939 Cum. Supp. § 17.229]). Because of failure to file claim for compensation within the time provided by statute, plaintiff's claim cannot be sustained.

It is contended that plaintiff was advised to buy a truss by the physician employed by defendant, and that this fact constituted evidence that the accident was compensable. It is, therefore, argued that since defendant was bound to file a report of the compensable accident, plaintiff is not precluded because of his failure to file the claim for compensation within the 120-day period. See *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246.

It appears that the physician told plaintiff that, if he had an operation, he could receive "Packard aid insurance"—apparently a private benefit arrangement; and that the physician also told plaintiff where he could buy a truss. But there is no proof that plaintiff lost any wages while he was with defendant company as a result of the hernia, or that defendant had any knowledge of plaintiff's disability, or claim of disability. It was served with the claim for compensation filed in September, 1938. Under the foregoing circumstances, it could not be said that defendant was obliged to file a report of a compensable accident.

It is also urged that plaintiff was transferred from

one department to another in an effort at rehabilitation and because of his disability, but the record does not sustain such a claim.

The fact that defendant, after filing a report on noncompensable accident in January, 1938, stating the date of that report to be January 4, 1937, thereafter filed in April, 1938, a corrected report showing the date of such report to be January 4, 1938, gives no advantage to plaintiff. The accident, as reported, occurred November 30, 1937. Obviously the report could not have been made in January of that year. It was merely a minor, unimportant typographical error.

To the contention that plaintiff's claim was valid if the injury did not develop or make itself apparent within six months of the injury (2 Comp. Laws 1929, § 8431 [Stat. Ann. § 17.165]), it appears from evidence adduced on his behalf that the disability began March 9, 1938, which was within the six-month period. On review, we find no error.

The order of the department of labor and industry is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.