## No. 17,274.

### DEVORE v. INDUSTRIAL COMMISSION ET AL.
(266 P. [2d] 774)

Decided February 1, 1954.

Messrs. RIFFENBURGH & HARDEN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, for defendants in error Larimer County Hospital and State Compensation Insurance Fund.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

CLAIMANT Dorothy Devore filed claim for compensation with the Commission. Having had adverse award both by the Referee and the Commission, she brought action in the district court to vacate the Commission's award. The Commission filed motion to dismiss, grounded on lack of jurisdiction for the reason that no petition had been filed by claimant for review of the final award of the Commission, which was sustained.

It is admitted that under the statute the award of the Commission becomes final unless a petition to review the same shall be filed within fifteen days after its entry or such further time as may be granted within said fifteen-day period. It is further admitted that no such petition to review was filed. However, claimant relies on the provisions of the applicable statute, chapter 97, section 376, '35 C.S.A., which provides that, "all parties in interest shall be given due notice of the entry of any referee's order or any award of the commission, and said period of fifteen days shall begin to run only after such notice, and the mailing of a copy of said order or award addressed to the last known address of any party in interest shall be sufficient notice." A copy of said award, as shown by the record, was mailed to claimant on June 4, 1953, addressed to her at 430 Edwards Street, Fort Collins, Colorado, and it is alleged in her behalf that her address on that date was the General Rose Hospital, 1050 Clermont Street, Denver, Colorado; that consequently the notice was not addressed to her last known address and the fifteen-day period within which petition for review must be filed had not expired nor begun. This contention was first made at the time the case came on for trial.

From the record and the testimony tendered to the

trial court, it appears that 430 Edwards Street, Fort Collins, Colorado, was the home address of claimant where she lived with her husband at the time the claim was filed in her behalf and that it was still her home address where her husband then lived at the time of the notice of June 4. It was also the address given by her in her claim to the Industrial Commission, as her address on the date of injury, and as her present address. It was also given as her P. O. address on the employe's report and no other address was given at any time by her or her counsel during the proceeding. The first notice of hearing on her claim was sent to that address, as well as notice of hearing to cross-examine medical witnesses, and her counsel appeared in response thereto without objection. Copy of the order of the Referee was mailed to her at that address and her counsel responded with petition to review the same in apt time. Notice of filing of the petition for review of the Referee's order was mailed to her at that address on May 22, 1953, and accepted without objection or correction as to the address, and the copy of the award of the Commission was mailed to the same address on June 4. Within fifteen days thereafter, claimant's counsel filed in the district court her complaint to vacate said award, although they failed to file a petition for rehearing as required by the statute within that time.

The only basis of contention that the Fort Collins address was not the "last known address" of claimant is based on the tender of testimony that in December 1952, and through the month of June 1953, she was in the General Rose Hospital, 1050 Clermont Street, Denver, Colorado; that she returned to the home of her parents on La Porte Avenue in Fort Collins in the month of July, then subsequently went back to the General Rose Hospital and, upon being discharged from there, returned to Fort Collins to live with her husband at an address other than 430 Edwards Street; together with the further fact that following receipt of notice of hearing upon her claim

mailed to claimant at the Fort Collins address, her counsel advised the Referee that, "she is now at General Rose Hospital in Denver and a bedside hearing can be set at your convenience"; that continuance order was entered on December 19, 1952, setting the hearing on January 6, 1953, "by agreement between the parties, to take claimant's testimony at General Rose Hospital" and that copy of such order was sent to claimant, "c/o General Rose Hospital 1050 Clermont Street, Denver, Colorado."

 Presumably, a person's address is the place of his domicile and residence. For the purpose of receiving mail or notice, the address of a claimant is the designation of the place where delivery is desired. That place is best known to claimant and it is his duty to advise the Commission of his place of residence or other designation of place for delivery of notice for inclusion in the files of his claim, and the last designation thereof in his file is the "last known address" as meant by the statute. The fact that her counsel advised, for the purpose of taking her testimony, that she was then at the hospital and arranged for taking her bedside statement there, would give no knowledge or indication that the hospital was her residence or the address where it was desired that future notices should be sent. The notice sent to 430 Edwards Street, Fort Collins, Colorado, was mailed to her domicile, to her residence and to her last known address appearing in the record of her claim. We must hold that due notice was given thereby to the claimant of the award of the Commission, that such award became final in the absence of petition for review, and that the trial court properly determined that it had no jurisdiction in the action brought to vacate the award.

The judgment is affirmed.