## THOMAS *v.* GRIFFIN WHEEL COMPANY.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—NOTICE OF DISABILITY.

    Notice of an employee's disability due to occupational disease must be given the employer within 120 days after employee has reason to believe a disablement has occurred (CLS 1961, § 412.15; § 417.10, as amended by PA 1962, No 189).

2. SAME—DISABLEMENT.

    Disablement, as the term is used in the occupational disease amendment of the workmen's compensation act, is defined to mean the "event" of being disabled (CL 1948, § 417.1).

3. SAME—APPEAL AND ERROR—FINDINGS OF FACT.

    Constitutional and statutory provisions limiting review of findings of the workmen's compensation appeal board do not require the affirmance of findings unsupported by any evidence (Const 1963, art 6, § 28; CL 1948, § 413.12).

4. SAME—FINDINGS OF FACT—SUFFICIENCY OF EVIDENCE—NOTICE OF OCCUPATIONAL DISEASE.

    Finding of workmen's compensation appeal board that employee was, by employer's act of hiding, excused from giving employer notice of his disability from occupational disease within 120 days after discovery thereof, *held*, unsupported by any evidence, under record establishing that defendant, upon closing

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 380.
[2] 58 Am Jur, Workmen's Compensation § 196 *et seq.*
[3, 5-7] 58 Am Jur, Workmen's Compensation § 530 *et seq.*
[4] 58 Am Jur, Workmen's Compensation §§ 462, 532.
[8] 58 Am Jur, Workmen's Compensation § 375.
[9, 10] 58 Am Jur, Workmen's Compensation § 378.
[11] 58 Am Jur, Workmen's Compensation § 383.
[12, 14, 15, 17, 18] 58 Am Jur, Workmen's Compensation §§ 377, 379.
[13] 2 Am Jur 2d, Administrative Law §§ 298, 300, 301.
[16] 58 Am Jur, Workmen's Compensation § 386.
[19] 5 Am Jur 2d, Appeal and Error §§ 1011, 1012.

its plant in Michigan, not only left a forwarding address with the post office, but also wrote to the workmen's compensation department concerning the matter, receiving no reply, and that defendant continued to carry on a substantial business with headquarters in a neighboring State (CLS 1961, § 412.15; § 417.10, as amended by P.A 1962, No 189).

**5. SAME—FAILURE TO MAKE FINDINGS OF FACT—APPEAL AND ERROR —REMAND.**

Awards by the workmen's compensation appeal board unaccompanied by findings of fact, although once reviewed by the Supreme Court which then made findings of fact from the record, are now remanded for appropriate findings of fact by the appeal board (CL 1948, § 413.12).

**6. APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.**

It is proper for an appellate court to search a record for evidence to support a finding necessarily made below, but it is not proper for such court to search the record to discover evidence to justify inferences and findings that a lower tribunal might decline to make.

**7. WORKMEN'S COMPENSATION—INTERPRETATION OF DEPARTMENTAL RULES.**

Issues which depend upon the correct interpretation of rules of the workmen's compensation department, and their application to the facts of the case, require that the findings necessary to decision be first made by the workmen's compensation appeal board.

**8. SAME—NOTICE OF INJURY OR DISABLEMENT—RIGHT TO NOTICE.**

The purpose of requiring notice of injury or disablement from occupational disease is to enable the employer to employ skilled physicians to treat and care for the employee, thus minimizing his loss, and inuring to the benefit of the employee, and to enable the employer to investigate claims made against him when the matter is fresh in the minds of those who saw or knew of the accident, thereby preventing the pressing of stale and unfounded claims, and his right to such notice is a substantial, statutory right, which, when claimed, may not be ignored either by an administrative agency or a court (CLS 1961, § 412.15; § 417.10, as amended by P.A 1962, No 189).

**9. SAME—DEFECTIVE NOTICE OF INJURY.**

An employer may not, under workmen's compensation act, rely upon a nonprejudicial defect in a notice of disability timely received from an injured employee (CLS 1961, § 412.15).

10. SAME—DEFECTIVE NOTICE OF INJURY—BURDEN OF PROOF.

An employer who claims that the inaccuracy in an employee's notice of disability under the workmen's compensation act was harmful to the employer, has the burden of showing it (CLS 1961, § 412.15).

11. SAME—NOTICE OF INJURY AND CLAIM—LACK OF PREJUDICE.

Courts may not disregard the notice requirements of workmen's compensation act, even though the employer may not have been prejudiced by lack of timely notice, the question of whether the provisions of the statute are sufficiently liberal being one for the legislature, not the judiciary (CLS 1961, § 412.15; § 417.10, as amended by PA 1962, No 189).

12. SAME—NOTICE OF INJURY OR OCCUPATIONAL DISEASE—ADMINISTRATIVE RULES.

Determination of workmen's compensation appeal board that employees' filing of application for workmen's compensation benefits with the workmen's compensation department, within 120 days after discovery of disability due to occupational disease, satisfied statutory requirement that plaintiff give notice of disability from occupational disease to employer within such time, because workmen's compensation department, by rule, assumed duty of serving employer, *held*, error, it being mandatory, under the applicable statute, that notice be served upon the employer or an agent thereof (CL 1948, § 412.17; 1959 AACS, §§ R 408.34, R 408.36).

13. ADMINISTRATIVE LAW AND PROCEDURE—STATUTES—ADMINISTRATIVE RULES.

An administrative agency has no authority to adopt a rule which conflicts with required statutory procedures.

14. WORKMEN'S COMPENSATION—STATUTES—ADMINISTRATIVE RULES —NOTICE OF OCCUPATIONAL DISEASE—SERVICE ON EMPLOYER.

Claim that statutory requirement that an employee disabled from occupational disease give notice of such fact to his employer within 120 days after discovery thereof was satisfied by filing application for benefits with the workmen's compensation department within said period, pursuant to departmental rules providing that department would serve the employer and that such service might be by mail, with proof of mailing to be prima facie evidence of service *held*, without merit, where the employer did not receive notice within said period and the applicable statute makes it mandatory that service may be made on the employer, since notice to the department is not notice to the employer, and an administrative agency may not adopt

rules which conflict with the provisions of a statute (CL 1948, § 412.17; 1959 AACS, §§ R 408.34, R 408.36).

15. Same—Administrative Rules—Notice of Disability.

Rules of workmen's compensation department, providing that employee file appropriate application for benefits with the department, that the department will serve the employer, that the employer may be served by mail, and that proof of such mailing shall be prima facie evidence of service *held*, not to support claim that mere mailing to the employer by the department of a duplicate copy of the application is all the notice of disability to which the employer is entitled, without regard to whether such notice in fact reaches the employer, such proof of mailing by the department being merely prima facie and not conclusive evidence of service, particularly where no departmental rule requires that an employer keep the department informed of its address (CL 1948, § 412.17; 1959 AACS, §§ R 408.34, R 408.36).

16. Same—Notice of Occupational Disease—Service on Employer—Burden of Proof.

The burden of proof is upon a workmen's compensation claimant to show that he gave employer notice of disability from occupational disease within the statutory period, and a letter from the claimant to the workmen's compensation department is not notice to the employer (CLS 1961, § 412.15; § 417.10, as amended by PA 1962, No 189).

17. Same—Notice of Disability or Claim—Service on Employer.

Notice of injury or disability from occupational disease or of claim for benefits therefor may be made on an employer by registered or certified mail addressed to the employer at his last known residence or place of business (CLS 1961, § 8.11; CL 1948, § 412.17).

18. Same—Notice of Disability or Claim—Service on Employer.

Award of workmen's compensation benefits based on findings of workmen's compensation appeal board that statutory provisions requiring employee to give notice to employer of disability from occupational disease within 120 days from discovery thereof had been satisfied by his filing with the workmen's compensation department of application for benefits within said 120 days and a finding that the employer's failure to receive a copy of employee's application mailed by the department with-

in said period to employer's last Michigan address was solely because employer was in hiding, *held*, error, requiring remand for further findings of fact, where defendant received no timely notice, applicable statute requires notice be served upon the employer and not department, record does not support finding of board that defendant was in hiding,, and statute provides service may be made on employer by registered or certified mail sent to his last known address, but board made no determination as to whether the Michigan address stated in plaintiff's application was defendant's last known address, whether the department relied upon the address as shown in plaintiff's application in sending a copy thereof to defendant or, instead, upon information in its own files, or whether such copy was sent by registered or certified mail, such findings being necessary for proper determination of the issues involved (CL 1948, § 412.17; CLS 1961, §§ 8.11, 412.15; § 417.10, as amended by PA 1962, No 189; 1959 AACS, §§ R 408.34, R 408.36).

19. COSTS—APPEAL AND ERROR—REMAND.

Costs are awarded to party who ultimately prevails, where case is remanded for further proceedings because of insufficient findings of fact to permit determination on appeal.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 January 4, 1967, at Detroit. (Docket No. 1,450.) Decided October 27, 1967.

Application by Oscar Thomas against Griffin Wheel Company, for workmen's compensation benefits because of disability due to silicosis. The referee entered an award for plaintiff. Defendant appealed. The Workmen's Compensation Appeal Board affirmed the referee. Defendant appeals. Reversed and remanded for further proceedings.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for plaintiff.

*George C. Tilley,* for defendant.

Levin, J.  Plaintiff-appellee, Oscar Thomas, filed an application for hearing and adjustment of claim with the workmen's compensation department. Within the time provided by law for making a claim for compensation upon defendant-appellant, Griffin Wheel Company, a copy of the application was mailed by the department to Griffin Wheel at the address shown for Griffin Wheel on the application. Griffin Wheel had long since departed that address, and notice of the claim was not in fact received by Griffin Wheel until after the expiration of the time for giving notice prescribed by the governing statute.

The appeal board[1] concluded that Thomas was relieved of the obligation to give Griffin Wheel timely notice of his claim because (i) Griffin Wheel had been in hiding and (ii) the department had assumed responsibility for delivery to Griffin Wheel of a copy of the application, and the department's efforts to do so had been frustrated by Griffin Wheel's failure to keep the department aware of its new mailing address.

The relevant statutory provisions[2] have been construed to require that notice of disability due to occupational disease[3] and notice of claim for compensation[4] be given the employer within 120 days after the employee has reason to believe[5] a disablement has occurred; disablement being statutorily defined to mean the "event" of being disabled. CL 1948, § 417.1 (Stat Ann 1960 Rev § 17.220).

---

[1] *Thomas* v. *Griffin Wheel Company*, 1965 W C App Bd Dec, p 936.

[2] CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165); CLS 1961, § 417.10, as amended by PA 1962, No 189 (Stat Ann 1965 Cum Supp § 17.229).

[3] *Tomasini* v. *Youngstown Mines Corporation* (1962), 366 Mich 503, 505, 506; *Jordan* v. *Michigan Malleable Iron Company* (1961), 363 Mich 256, 260.

[4] *Finch* v. *Ford Motor Co.* (1948), 321 Mich 469, 475; *Jordan* v. *Michigan Malleable Iron Company, supra.*

[5] *Gotich* v. *Kalamazoo Stove Co.* (1958), 352 Mich 88, 93.

In July, 1963, Thomas consulted a physician and first became aware he was disabled by silicosis and emphysema as a result of his employment with Griffin Wheel. On July 15, 1963, he signed, and his attorneys mailed to the department, an application for hearing and adjustment of claim showing as his employer Griffin Wheel Company, 2270 Beecher, Detroit, Michigan. An attempt was made by the department to serve Griffin Wheel with a copy of the application by letter dated September 6, 1963, which was addressed to the Beecher street address and returned with the notation, "Moved, left no address." No further effort was made by the department to serve Griffin Wheel until after the expiration of the 120-day period.

In an effort to sustain Thomas' right to compensation, multiple theories have been advanced which we now consider.

## I

The referee found that Thomas was relieved of the failure to give timely notice by Griffin Wheel's failure to comply with section 4, part 4 of the act (CL 1948, § 414.4 [Stat Ann 1960 Rev § 17.198]) which provides a method whereby an employer may, with the approval of the department, be relieved from liability under the act.

The appeal board disagreed with the referee, concluding that "this provision is not mandatory, but is purely discretionary with the workmen's compensation department."

Thomas' brief states he agrees "with the appeal board that this is not an issue here."

II

The appeal board found:

"With regard to the case at issue the bare argument of defendant seems to be that they hid, maybe inadvertently, long enough to frustrate service of process; therefore, no timely notice. To accept such an argument would be doing violence to the act.

"I think it is fair to say that defendant hid in that it is common knowledge the change of address with the post office department is only good for two years and not renewable. It is not evident, on the record before me, that the department was given a change of address by defendant." [See Part VI of this opinion for a further discussion of the finding that it is not evident the department was given a change of address by Griffin Wheel.]

While our review of findings of the appeal board is limited both by constitutional (Const 1963, art 6, § 28) and statutory (CL 1948, § 413.12 [Stat Ann 1960 Rev § 17.186]) provisions, we are not bound by findings unsupported by any evidence. *Armstrong v. Oakland Vinegar & Pickle Co.* (1917), 197 Mich 334, 337; *LaRosa v. Ford Motor Co.* (1935), 270 Mich 365, 369; *Thornton v. Luria-Dumes Co-Venture* (1956), 347 Mich 160, 162; *Coates v. Continental Motors Corporation* (1964), 373 Mich 461, 466.

Thomas was employed by Griffin Wheel until December 3, 1957. Shortly thereafter, Griffin Wheel wound up its operations in the State of Michigan and surrendered the authority which it—a foreign corporation—had been granted to do business in Michigan. Griffin Wheel notified the post office of its change of address to 445 North Sacramento Boulevard, Chicago, Illinois. On December 3, 1958, Griffin Wheel wrote the department that it had closed its plant in Michigan and believed its liability as a workmen's compensation self-insurer could be

considered terminated. It inquired whether there were any further reports needed to remove its name from the list of self-insurers. The department did not respond to this inquiry.[6]

Griffin Wheel was eventually notified of Thomas' claim by letter from Thomas' attorneys in March, 1964, addressed to the North Sacramento Boulevard, Chicago, Illinois address. It is not contended that Griffin Wheel had actual notice of the claim prior to the receipt of such letter.

We are not confronted with a situation such as intimated by the board, of an employer who disappears during the period the employee is obliged to give notice. During the period in question Griffin Wheel was operating a substantial business with headquarters in a neighboring State.

There is no evidence of efforts, other than the sending of the September 6, 1963, letter, to locate Griffin Wheel, prior to the expiration of the 120-day period or that any such other efforts were fruitless.

On the record before us, we must conclude the appeal board's finding that Griffin Wheel was in hiding is unsupported by any evidence.

### III

Thomas states that Griffin Wheel was aware of his injury and nevertheless failed to file reports required by departmental rules[7] and that by reason

---

[6] "For some reason (perhaps known only to the employee who accepted this letter on behalf of the department) there is no record of reply to this correspondence. The file was apparently placed with the inactive insurance files and sent to the State record center where we obtained same." *Lumpkin* v. *Griffin Wheel*, 1963 W C App Bd Dec, p 86. This case was decided March 18, 1963, four months before Thomas filed his application with the department.

[7] Thomas' brief does not state which departmental rule was violated. We take it that reliance is on one or both of the following (AACS, 1959):

"R 408.31. Rule 1. Reports.

of that alleged failure, as provided in the penultimate sentence of section 15, part 2 of the act,[8] the statutory time limitations were tolled.[9]

Thomas was employed by Griffin Wheel over an extended period of time as a shake-out man and later as a pit crane operator in a factory where there were large quantities of dirt and dust in the air. He claimed that he was transferred from the shake-out to the crane (a less strenuous job) after he complained on several occasions to a foreman that the shake-out was hurting his chest, and that he was short of wind. Thomas' testimony as to his job assignments was disputed by Griffin Wheel. There is testimony that on occasions when he showed up for work he was not able to work, but the record was unclear whether this was because of a shortage of work or because of the chest difficulty of which he was complaining. He also testified that due to his chest difficulty at times he found himself unable to keep up with the work.

---

"Employers must report immediately to the department on form 100 all injuries, including diseases, which arise out of and in the course of the employment and result in:

"1. An aggregate of 7 or more days of disability not including Sundays or the day of injury.

"2. Death.

"3. Specific losses.

"A copy of the report shall be given immediately to the injured employee."

"R 408.33. Rule 3. Disputed claims.

"Insurance carriers and self-insured employers must notify the department on form 107 on or before the fourteenth day after the employer has notice or knowledge of the alleged injury or death in all cases where the right of the injured or dependent to compensation is disputed. If subsequently compensation is paid, report same on form 101."

In *Martin* v. *White Pine Copper Company* (1966), 378 Mich 37, 43, the Supreme Court held failure to comply with rule 3 was within the scope of section 15 of part 2 of the act.

[8] CLS 1961, § 412.15, as later amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.165).

[9] See *Autio* v. *Proksch Construction Company* (1966), 377 Mich 517, 520, 539, and *DeWitt* v. *Grand Rapids Fuel Company* (1956), 346 Mich 209, 217, and cases therein cited, where the act's statute of limitations was deemed tolled.

At the hearing Griffin Wheel conceded the disease and that it resulted in a disability related to his employment, but, as aforesaid, denied notice of disease/disability or claim until after the conclusion of the 120-day statutory period for giving notice.

No findings of fact were made by the appeal board as to Griffin Wheel's compliance with departmental injury reporting requirements.

Thomas invites us to make findings of fact as to whether the department's reporting requirements have been complied with on the basis of the following statement:

"It is well settled that if the department fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award." *Banks* v. *Packard Motor Car Company* (1950), 328 Mich 513, 517.

It appears that at one time the Supreme Court was willing to review awards made by the board unaccompanied by findings of fact. See *Harris* v. *Castile Mining Co.* (1923), 222 Mich 709, 711; *Foley* v. *Detroit United Railway* (1916), 190 Mich 507, 515. We doubt it would be willing to do so today.

In *Johnson* v. *Cleveland-Cliffs Iron Company* (1959), 356 Mich 387, 389, the Supreme Court remanded, after reversing a holding against the employee on the merits, for determination whether the employer had received timely claim or had filed required reports.

"The questions as to plaintiff's failure to make timely claim and defendant's failure to file proper report of injury not having been passed on by the appeal board, the case is remanded for determination thereof."

In *Whitley* v. *Chrysler Corporation* (1964), 373 Mich 469, 476, the appeal board made no specific

finding as to notice or knowledge by the employer of plaintiff's injury in the mistaken belief that the same had been stipulated to. The Supreme Court observed that the matter was in dispute and stated:

"It would seem to be questionable procedure, therefore, for this Court to enter upon a determination of the issue of notice or knowledge where there is reason to believe that proofs as to this material issue are incomplete. Without attempting to determine the issue at this point, it is better that we remand for additional proofs, as the parties may desire. This is the kind of order under the circumstances, which the statute suggests and our inherent responsibility requires."

It is one thing to search the record for evidence to support a finding necessarily made by the board as we did in *Clark* v. *Apex Foundry, Inc.* (1967), 7 Mich App 684. It is quite another to search the record in an endeavor to discover evidence to justify inferences and findings that the appeal board might decline to make. The correct interpretation of the department's reporting requirements and their application to the facts of this case clearly requires that the findings be made by the appeal board and not by us.[10]

_____

[10] At one time reports were required as to all injuries, however slight, employers being required to file compensable or noncompensable reports. CL 1929, § 8456. PA 1943, No 245, CL 1948, § 413.17 (Stat Ann 1960 Rev § 17.191) eliminated the detailed statutory reporting requirements and vested in the department authority to prescribe and require reports. Thereafter, the reporting requirements have been promulgated by the department and published as part of the Administrative Code (1944 AC, p 349 *et seq.*; 1954 AC, p 4501 *et seq.*). Since it is the department and not the legislature that has formulated the reporting requirements now operative and there have been changes from time to time in the nature of the reports required, (the rules stated in footnote 7 being the current rules which may not be those applicable during the allegedly relevant periods of Thomas' employment), it is especially important that we refrain from attempting to interpret these rules without first being advised of the appeal board's interpretation thereof.

IV

Thomas cites the following statement for our consideration:

"As to notice of injury, however, both courts and legislatures have been inclined to ask whether either of the two purposes of the notice statute have miscarried because of the lack of literal compliance, the two purposes being the facilitation of prompt medical attention and the provision of opportunity for immediate investigation of the circumstances of the accident." 2 Larson, Workmen's Compensation Law, § 78.30, p 254. See, also, § 78.32, p 258.[11]

Examination of the cases cited for this statement reveals that all so hold on the basis of statutes expressly authorizing the interpretation now urged upon us by plaintiff.

In *Podkastelnea* v. *Michigan C. R. Co.* (1917), 198 Mich 321, 325, the Supreme Court observed:

"The purpose of requiring a claim for compensation is to give the employer notice, to enable him to employ skilled physicians to treat and care for the employee, thus minimizing his loss, and inuring to the benefit of the employee. It is its purpose to enable him to investigate claims made against him, and to do this when the matter is fresh in the minds of those who saw or knew of the accident, and to prevent the pressing of stale and unfounded claims."

See, also, *Banks* v. *Packard Motor Car Co., supra,* p 516, stating the foregoing as the purpose of requiring such notice and that the employer's right thereto is a substantial right; *Ames* v. *Lake Independence Lumber Co.* (1924), 226 Mich 83, 90 (23

---

[11] See, also: "It is generally held that the failure to comply with statutory requirements as to the giving of notice does not bar the maintenance of a claim for compensation where it is shown that the employer is not thereby prejudiced in his defense, and in many of the acts it is expressly so provided." 58 Am Jur, Workmen's Compensation, § 383, p 831; but the cases cited all rely on express statutory authority.

NCCA 778): "a substantial, statutory right which when claimed may not be ignored either by a commission or court"; *La Rosa* v. *Ford Motor Co.* (1935), 270 Mich 365, 367: "This Court has repeatedly and consistently held that the six-months' period [in the case at bar the period is 120 days] for making claim under the act is jurisdictional, and a condition precedent to the right to maintain an action thereunder"; *Henderson* v. *Consumers Power Co.* (1942), 301 Mich 564, 574; *West* v. *Northern Tree Company* (1961), 365 Mich 402, 405; *Whitley* v. *Chrysler Corporation, supra* (at p 472).[12]

It has also been stated that "the *importance* of the notice of injury is that the employer may have opportunity for investigation while the facts are accessible." *Mauch* v. *Bennett & Brown Lumber Co.* (1926), 235 Mich 496, 499. (Emphasis added.) It is certainly arguable, as here contended by Thomas, that where the delay has not prevented investigation or treatment, timely notice is not important".

However, the very same argument was advanced 50 years ago in *Podkastelnea, supra,* at p 327, where the court discussed the English statute which contained a liberal no-prejudice provision, and then went on to observe:

"Several of the States have, either in terms or in substance, adopted the provisions of the English act. The legislature of this State has not seen fit to do so. If the provisions of our act are not sufficiently liberal as to making claims for compensation, the question is one for the legislative branch, not for the judicial."[13]

---

[12] We acknowledge that a nonprejudicial defect in a notice in fact received by an employee may not be relied on by him.

"If the employer was harmed by the inaccuracy [in the notice of injury that was in fact received] he has the burden of showing it." *Mauch* v. *Bennett & Brown Lumber Co.* (1926), 235 Mich 496, 499. See CL 1948, § 412.18 (Stat Ann 1960 Rev § 17.168).

[13] Compare *Armstrong* v. *Oakland Vinegar & Pickle Co.* (1917), 197 Mich 334, 340.

We have not found any case where, on principle, as distinguished from express statutory authority,[14] there was adopted a rule such as that which has been legislatively enacted in many states.

The appeal board did not make findings on this issue.[15] Nor were we advised the appeal board's views on this issue. The subject matter might be an appropriate one for legislation.[16] Our research indicates that the statutes of a significant number of states declare a no-prejudice rule with varying degrees of liberality.

## V

The appeal board ruled that Thomas' obligation to notify Griffin Wheel was satisfied when he filed his application with the department despite a number of contrary holdings by the Michigan Supreme Court, typical of which are the following:

"It is mandatory that a claim for compensation must be made upon the employer. A claim filed with the department of labor and industry and not served

---

[14] See, for example, statutes quoted in *Newman* v. *Rice-Stix Dry Goods Co.* (1934), 335 Mo 572 (73 SW2d 264, 266): "No proceedings for compensation under this chapter shall be maintained unless written notice * * * shall have been given to the employer * * * unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice. No defect or inaccuracy in such notice shall invalidate the same unless the commission shall find that the employer was in fact misled and prejudiced thereby"; *Ford Motor Co.* v. *Hunt* (1930), 146 Okla 105 (293 P 1038, 1039): "The failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

[15] We recognize it is improbable that Griffin Wheel was prejudiced by the delay of a few months in the receipt by it of notice concerning a disease alleged to have been initially contracted over five years earlier.

[16] Compare *Levesque* v. *Bronze Craft Corporation* (1962), 104 NH 195 (182 A2d 603), where the court referred a like problem to the legislature.

upon the employer does not satisfy the requirements of the statute." *LaDuke* v. *Consumers Power Co.* (1941), 299 Mich 625, 634.

"If plaintiff's notice of April 25, 1938, had been served upon the defendant, he would be entitled to compensation upon proof of loss and disability. It was apparently believed that the department would cause the duplicate copy of the claim which was filed to be served upon defendant, but the statute does not so provide. The claim must be made upon the employer." *Burzynski* v. *Packard Motor Car Co.* (1940), 294 Mich 129, 132.[17]

The appeal board stated these holdings have been superseded by its rules and practice:

"The department rules (rule 4, R 408.34 and rule 6, R 408.36) merely require a plaintiff to file his application and copies thereof with the department, and the department in turn will serve such application on the employer. We have a totally different situation now as opposed to the situation we find in the case of *LaDuke* v. *Consumers Power Co.*, 299 Mich 625. At the time of the *LaDuke Case,* the opposite situation was the rule: that is to say, plaintiff would file his application and copies with the department, the department in turn would return a copy of the application to the claimant for service on the employer by the claimant.

"In the case at issue, mailing of the notice to the defendant via the workmen's compensation department, under the rules set out above, was reasonably calculated to apprise defendant of the claim brought against it. Defendant did not receive such notice because of its own activity in not making the department aware of its new mailing address. Such activity may have been intended to arrive at the result had."

---

[17] Compare: "But assuming the letter was a proper notice of plaintiff's claim for compensation signed by the industrial accident board 'in his behalf,' it was not sent to or served upon the employer, but upon the [insurer]." *Dochoff* v. *Globe Construction Co.* (1920), 212 Mich 166, 173.

Rule 4[18] referred to by the department, in relevant part, states that "in cases of dispute * * * the complaining party shall file his application * * * with the department * * * [which] shall thereupon serve the adverse party with a copy of the application * * * by certified mail with a return receipt requested. Filing of the said return receipt shall be prima facie proof of service." The "prima facie" concept is repeated in Rule 6.[19]

. It is not claimed that an application for adjustment and hearing filed with the department is in itself either a notice of injury or of disability due to occupational disease or a claim for compensation to or upon the employer. Indeed, applications are not required to be filed if the parties can adjust the claim for compensation amicably—an application is to be filed only in case of dispute. However, if one is properly filed and if a duplicate copy is *in fact* sent to and received by the employer, it should contain sufficient information concerning the injury or disability due to occupational disease and of the fact that a claim for compensation is being made, that the employer would upon such receipt have knowledge of injury, disability, and claim.

Neither rules 4 nor 6, however, support the view that mere mailing to the employer by the department of a duplicate copy of the application is all the notice to which the employer is entitled without regard to whether the notice in fact reaches him. On the contrary, both rules expressly state that mailing is merely prima facie, not conclusive, evidence of service. It will be recalled that the letter sent by the department to Griffin Wheel was returned to the department undelivered.

We note rule 4 does not state how the department determines the address to which the duplicate copy

---

18 [Rule 4] 1959 AACS, § R 408.34.
19 [Rule 6] 1959 AACS, § R 408.36.

is to be sent, and that no departmental *rule* requires an employer to keep the department informed of his address.

Thomas' brief does not assert that the department has been statutorily empowered to adopt a rule which, when followed, will be regarded as the equivalent of notice to employers even though in particular cases employers fail to receive actual notice, or that the Michigan Supreme Court decisions requiring actual notice to the employer are no longer an adequate interpretation of the statute.[20].

The record contains no evidence that would support any finding by the appeal board concerning the procedures followed by the department in receiving applications or addressing and mailing duplicate copies thereof to employers or processing those which are returned undelivered to the addressee, or the extent to which any such procedures were in fact followed in this case.

We also observe that as recently as 1954—at least 10 years after the promulgation of the antecedents of rules 4 and 6[21]—the Supreme Court made the following observation in *Morley* v. *Standish Creamery Company* (1954), 340 Mich 124, 130:

"The burden of proof is upon plaintiff to show that he made a claim for compensation within the statutory period. The letter from plaintiff to the commission is not notice to the employer, nor does such letter make any claim for compensation."

[20] "The board may make rules not inconsistent with this act for carrying out the provisions of the act." CL 1948, § 413.3 (Stat Ann 1960 Rev § 17.176). We note that the department as well as litigants are bound by such rules. *Paselli* v. *Utley* (1937), 282 Mich 267; *Guss* v. *Ford Motor Co.* (1936) 275 Mich 30, 34.

See 1 Davis, Administrative Law Treatise, § 5.03, p 298, discussing the distinction between interpretive and legislative rules.

[21] The relevant portions of present rules 4 and 6 appear as part of rules 3 and 6 in Michigan Administrative Code, 1944, p 349.

## VI

Section 17 of part 2 of the act[22] permits service of notice on the employer by registered (or certified)[23] mail addressed to him at his last known residence or place of business.

While the appeal board found that 2270 Beecher, Detroit, Michigan, was the last known *Michigan* address, it made no finding as to either the last known address[24] or whether the letter of September 6, 1963, was sent by registered or certified mail.

Griffin Wheel relies on *Hartley* v. *Vitiello* (1931), 113 Conn 74 (154 A 255, 258), stating that "last known address" means the last address known to those who would ordinarily be expected to know the correct address and not the address last known to the plaintiff. However, we find another line of cases indicating that agencies dealing with the public may rely on the last address of which the agency has knowledge, or, perhaps, the last address in the relevant file. See, for example, *Luhring* v. *Glotzbach* (CA 4, 1962), 304 F2d 556, holding that although divisions of the Internal Revenue Service in other cities had been apprised of a later address, notices from the division encompassing the area of an old address could be sent to the last address of which such latter division had knowledge.

Of significance in the present context is *Devore* v. *Industrial Commission* (1954), 129 Colo 10 (266 P2d 774, 775), where the court held—apparently inde-

---

[22] "The notice shall be served upon the employer or an agent thereof. Such service may be made by delivering said notice to the person on whom it is to be served, or leaving it at his residence or place of business, or by sending it by registered mail addressed to the person or corporation on whom it is to be served, at his last known residence or place of business." CL 1948, § 412.17 (Stat Ann 1960 Rev § 17.167).

[23] CLS 1961, § 8.11 (Stat Ann 1961 Rev § 2.220).

[24] As to the possible application of section 17 to a "claim" for compensation, see *Dochoff* v. *Globe Construction Co.* (1920), 212 Mich 166, 171.

pendently of a published rule or statutory require-
ment—that one (there an employee) dealing with
the commission was obliged to notify the commission
of his address, and that the commission in sending
notices to that person could rely on the last address
in its files.

We have not considered whether we wish to adopt
the principle stated in *Devore* into our jurisprudence
—apart from a statute or valid rule imposing such
a duty—for several reasons:

(1) The statements in the appeal board's opinion
that the department was not given a change of ad-
dress by Griffin Wheel and that Griffin Wheel did not
make the department aware of its new mailing ad-
dress are unsupported by any evidence in the record.

(2) Such statements fall short of a finding that
the Beecher street address was in fact the last ad-
dress known to the department. The department
could very well have learned of the North Sacra-
mento Boulevard, Chicago, Illinois, address in some
manner other than from Griffin Wheel. In this
connection we refer to the facts recited earlier in
this opinion concerning Griffin Wheel's withdrawal
from Michigan and the controversy with Lumpkin
decided only four months before Thomas' applica-
tion was filed. (See footnote 6.)

(3) There is nothing in the record from which
the appeal board could have properly concluded
that any failure of Griffin Wheel to notify the de-
partment of its North Sacramento Boulevard, Chi-
cago, Illinois, address contributed to the failure of
the duplicate copy of the application to reach Grif-
fin Wheel. The record does not indicate whether
the department relies on the employee's application
(which in this case showed the old Beecher street,
Detroit, Michigan, address as Griffin Wheel's ad-
dress), or on its own files in selecting an address to

send the duplicate copy of the application to the employer.

Unless the latter, the appeal board could not properly conclude that any failure on the part of Griffin Wheel to apprise the department of its Chicago, Illinois, address was at all responsible for the failure of the duplicate copy of the application to reach Griffin Wheel.

We also observe that the question before us is somewhat different from that discussed in *Luhring* v. *Glotzbach, supra,* and *Devore* v. *Industrial Commission, supra,* in that under the previously mentioned holdings of the Michigan Supreme Court it is the duty of the employee and not of the department to notify the employer of his injury or disability due to occupational disease and of his claim for compensation. The *Luhring* and *Devore Cases* concern the sending of notices that the agency is required to send in order to bind a person dealing with the agency.

While the department by rule 4 assumed the burden of sending the duplicate copy of the application for adjustment and hearing to Griffin Wheel, it does not necessarily follow that the principles enunciated in *Luhring* and *Devore* may be availed of by the employee or that they are applicable beyond the necessities of the situations presented in *Luhring* and *Devore*—the establishment and maintenance of an agency's jurisdiction. Here it is sought to employ the agency's procedures as a shortcut to avoid direct performance by the employee of his statutory obligations of giving notice of injury/disability and claim. The principle expressed in *Luhring* and *Devore* may very well be necessary in order to permit agencies to function. It does not follow that such holdings may be relied on by an employee in order to discharge *his* responsibility.

We need not decide that question. We allude to it because, depending on the record that is made on remand, the question may again be presented.

Remanded to the workmen's compensation appeal board for further proceedings not inconsistent with this opinion.

Costs awarded to the party who ultimately prevails.

LESINSKI, C. J., and HOLBROOK, J., concurred.