Rockingham
No. 7485

STATE OF NEW HAMPSHIRE

v.

KEVIN FRASER

October 29, 1976

*David H. Souter,* attorney general, and *Richard B. Michaud (Mr. Michaud* orally), appearing pursuant to rule 23, for the State.

*Lee A. Strimbeck,* by brief and orally, for the defendant.

MEMORANDUM OPINION

The defendant, convicted in Derry District Court on a com-plaint of assault, appealed to the superior court. Upon receipt of the defendant's appeal, the clerk of the superior court duly sent

notice to the defendant at his last known address that pursuant to superior court rule 86 the payment of an entry fee was required to perfect his appeal. The fee was not paid, and after the expiration of the 20-day period specified by rule 86, the clerk remanded the case to the district court for imposition of the original sentence. Defendant's motion to reinstate the appeal was denied by *Perkins, J.*, and all questions of law raised by his exceptions thereto were reserved and transferred.

The clerk's letter informing the defendant of the necessary procedure for perfecting his appeal was sent to the home of the defendant's mother in Chester, the address initially provided to the court by the defendant. It was never received by him, however, because at the time of its mailing he had moved to the home of a friend in Londonderry. The defendant did not inform the court of this change of address, nor did he leave a forwarding address at the Chester post office. Where a defendant has given directions specifying where notice shall be sent, it is his duty to inform the notifier of any change in address. The fact that a party fails to receive a letter of notice due to his own omission in supplying this information does not render the notice defective. *Devore v. Industrial Comm'n*, 129 Colo. 10, 266 P.2d 774 (1964); *McCoy v. Bureau of Unempl. Compensation*, 81 Ohio App. 158, 77 N.E.2d 76 (1947); 1 M. Merrill, Notice § 639, at 729 (1952). Accordingly, we hold that the letter of the clerk of court, sent to the defendant's last address of record, constituted due notice, and that the remand of the defendant's case to the district court following his default under rule 86 was proper.

*Exceptions denied.*