Rockingham
No. 78-075

THE STATE OF NEW HAMPSHIRE

v.

LINCOLN HESS

June 27, 1978

*Thomas D. Rath*, attorney general (*Edward N. Damon*, attorney orally), for the State.

*Anthony A. McManus*, of Dover, by brief and orally, for the defendant.

DOUGLAS, J.    Lincoln Hess was arrested and charged with criminal trespass on the Public Service Company of New Hampshire nuclear power plant construction site at Seabrook on May 1, 1977. He pleaded not guilty to the charge in Hampton District Court, waived hearing, and was found guilty. He filed an appeal to superior court. The clerk of that court mailed him a notice requiring him to pay a filing fee of eight dollars. Super. Ct. R. 94 and RSA 499:18 III (Supp. 1977). The notice was sent to the address on the complaint. It was received back a few days later marked "Moved, left no address." Consequently, the defendant's case was remanded to the district court to execute sentence. Super. Ct. R. 94 (1977).

The defendant later received an order to appear before the district court for sentencing. That order was sent to and received at the same address as on the complaint. He then filed a motion to enter a late appeal, claiming that he had not received the earlier superior court notice. He admitted that he had moved from one dormitory to another without notifying the court, but offered to prove that he had been continuously receiving mail at his former address via the college mail room. *Mullavey*, J., denied leave to file a late appeal. He reserved and transferred the defendant's exception.

■ ■    "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of . . . the action. . . ." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When the name and address of a party is known, due process requires at least that notification be attempted by mail addressed personally to the party. *Id.* at 318.

We held in *State v. Fraser*, 116 N.H. 642, 365 A.2d 1046 (1976), that a defendant is under a duty to inform the court of a change in his address. "The fact that a party fails to receive a letter of notice due to his own omission in supplying this information does not render notice defective." *Id.* at 643, 365 A.2d at 1047. However, if the defendant routinely received at his new address mail sent to his former address, his failure to notify the court of his new address would not normally have resulted in the failure of the notice to reach him. And if, as the post office concedes, a letter sent to defendant at the address on the complaint routinely would have normally been sent to the Dartmouth College Hinman Post Office, at which the defendant routinely received his mail, then the postal service's fault, not the defendant's omission, was the proximate cause of the failure of notice.

Under RSA 599:1-b the court may permit a late appeal if through accident, mistake, or misfortune "and not from [a party's] own neglect" justice would be served by permitting the appeal. The burden of showing that the statutory requirements were met is on the defendant. *See State v. Charpentier*, 117 N.H. 647, 377 A.2d 131 (1977). The trial judge should have afforded the defendant an opportunity to present his evidence on where the fault for failure of delivery lies. If the defendant is not at fault, both justice and due process require that he have his day in court rather than that he be sentenced without having had a court appearance to contest his guilt.

*Remanded.*

BROCK, J., did not sit; the others concurred.