Grafton
No. 79-125

TOWN OF BETHLEHEM

v.

GEORGE E. TUCKER, III, & a.

December 28, 1979

*Moulton, Smith & Samaha,* of Littleton (*Peter W. Smith* orally), for the plaintiff.

*Thomas M. Pancoast,* by brief and orally, for defendants Martin Tirrell and Diane Tirrell.

PER CURIAM. This case comes before us on an agreed statement of facts and raises the question whether a successful applicant for a zoning variance is entitled to notice of an abutter's appeal to the superior court that ultimately results in a court order vacating the

variance and requiring the applicant to restore the land to its original condition. We hold that notice is required.

On May 6, 1976, defendants Martin and Diane Tirrell were granted a variance by the Town of Bethlehem Board of Adjustment that allowed them to place a mobile home on the land of George E. Tucker, III, the other defendant. An abutter, Bela Sveda, objected to the variance and on August 13, 1976, filed an appeal to the superior court. The only parties to that appeal were Bela Sveda and the town. On March 23, 1977, the town having agreed that the variance was granted illegally, entered into a stipulation with Sveda that called for the defendants in this action to remove the trailer and bear the costs of restoring the land to its original condition. On April 27, 1977, the superior court approved the stipulation and entered a decree accordingly.

The parties to the present action have agreed that the defendants in this action, Tirrell and Tucker, never received formal notice of either the appeal or the stipulation entered into between Bela Sveda and the town. Shortly after the stipulation was filed with the court, however, the defendants did become aware that some sort of legal action was pending that would affect the validity of the variance. Approximately one week after the defendants received informal notice of the pending suit, the *Sveda v. Bethlehem* stipulation was approved by the court. The town then petitioned the court to enforce the *Sveda v. Bethlehem* court order and thereby initiated the present action.

A hearing was held before a Master (*Michael L. Slive*, Esq.), who recommended the town's enforcement petition be dismissed. The basis of the recommendation was that the defendants Tirrell and Tucker were indispensable parties to the *Sveda v. Bethlehem* action. The Superior Court (*Johnson*, J.) approved the master's report and the town's exceptions were reserved and transferred.

■ The town argues that constitutional due process considerations did not require that the defendants be joined as parties in the *Sveda v. Bethlehem* action. Joinder of a successful variance applicant to an appeal from the board of adjustment's decision is not specifically required under New Hampshire statutes. The successful applicant, however, "may appear" at the appeal as his rights "may be directly affected" or "the court may order such persons to be joined as parties as justice may require." RSA 31:79. While joinder of the applicant may not be required by statute, certain due process considerations clearly arise.

■ When the property right that one is being deprived of cannot be described as *de minimis*, the due process clause of the United States

Constitution applies. *Goss v. Lopez*, 419 U.S. 565, 576 (1975). We do not consider the revocation of a previously granted zoning variance, coupled with a court order requiring the recipient to bear the costs of restoring the land to its original condition, as a *de minimis* deprivation of property.

■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13 (1978). Notice and the opportunity to be heard are essential ingredients to the due process of law. *Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 394 A.2d 828 (1978); *Goss v. Lopez*, 419 U.S. at 579.

■■ In the criminal context, we have only recently stated that "[w]hen the name and address of a party is known, due process requires at least that notification be attempted by mail addressed personally to the party." *State v. Hess*, 118 N.H. 491, 492, 387 A.2d 1183, 1184 (1978). We conclude that defendants in the instant action were entitled to notice of the *Bela Sveda v. Bethlehem* action. The record is silent however as to whether Bela Sveda was given notice of the present action or whether he agrees to the facts stipulated to by the town concerning notice to defendants. We must therefore remand the case to the superior court with instructions that it determine whether the defendants ever received notice that was reasonably calculated to afford them an opportunity to be heard in the *Sveda v. Bethlehem* action. Notice of this action is to be given to Bela Sveda who shall also be given an opportunity to present evidence concerning notice to defendants. Should a finding be made that the defendants did not receive adequate notice of the *Sveda* action, the present action must be dismissed and the *Sveda v. Town of Bethlehem* action reopened for a full hearing including all parties.

*Remanded.*

KING, J., did not sit.