Merrimack
No. 2000-253

IN THE MATTER OF MAUREEN MORRILL
AND BRUCE MORRILL

October 29, 2001

*Amy B. Davidson*, of Pittsfield, by brief, for the plaintiff.

*Jordan, Gfroerer & Weddleton*, of Concord (*Roy Weddleton* on the brief), for the defendant.

DUGGAN, J. The *defendant*, Bruce Morrill, appeals a Superior Court (*McGuire*, J.) order granting a petition for a restraining order filed by the

plaintiff, Maureen (Morrill) Cummings. *See* RSA ch. 173-B (Supp. 2000). The defendant argues the superior court erred in refusing to allow the parties' children to testify about the alleged assault that formed the basis of the plaintiff's petition. We affirm.

The plaintiff filed an *ex parte* domestic violence petition in Concord District Court alleging that the defendant pushed her hard, bruised her and verbally threatened her. *See* RSA 173-B:3. The district court granted the petition and issued a temporary restraining order. *See* RSA 173-B:4. Shortly thereafter, the plaintiff filed a divorce petition in superior court and moved to transfer the domestic violence petition proceedings from district court to be consolidated with the divorce proceedings. *See* RSA 173-B:3, IV. The superior court granted the motion and scheduled a final hearing on the domestic violence petition.

Prior to the hearing, *the* plaintiff filed a motion *in limine* to preclude the parties' two children from testifying because she was "trying hard to keep her children out of the middle of the adults' conflict . . . [and a]llowing them to testify [was] not in their best interest and would, among other things, place them in the untenable position of having to 'take sides.'" The defendant objected, asserting that the children, ages fifteen and sixteen, were competent to testify and would provide the court with relevant evidence regarding the specific acts alleged in the plaintiff's petition, as well as an appropriate custody order and visitation schedule. Following an in-chambers hearing, the court ruled the children would not be permitted to testify. After hearing testimony from the plaintiff, the defendant and a police officer, and reviewing handwritten eyewitness statements made by the children, the court granted the plaintiff's petition for a restraining order and her request for temporary custody of the children, permitting the defendant unsupervised visitation.

On *appeal*, the defendant argues that by excluding the children from testifying, the superior court abused its discretion and violated his right to due process of law. We address the defendant's non-constitutional claim first because if we find that the trial court abused its discretion, we need not address the constitutional claim. *See In re Barry*, 141 N.H. 170, 174 (1996).

The plaintiff's petition was brought under RSA chapter 173-B. A hearing under RSA chapter 173-B is a civil proceeding. *See State v. Dumont*, 145 N.H. 240, 243 (2000). The purpose of the statute is "to preserve and protect the safety of the family unit for all family or household members by entitling victims of domestic violence to immediate and effective police protection and judicial relief." Laws 1979, 377:1, II. Before the court could provide the requested relief under the statute, the plaintiff had to show by a preponderance of the evidence that the

118

defendant committed the criminal acts she alleged in her petition and that "such conduct constituted a credible threat to [her] safety." RSA 173-B:1, I.

■ RSA chapter 173-B has its own standard for the admissibility of evidence. "In any proceeding under this chapter, the court shall not be bound by the technical rules of evidence and may admit evidence which it considers relevant and material." RSA 173-B:3, VIII. This standard gives a trial court broad discretion in determining the admissibility of evidence. *See In re Samantha L.*, 145 N.H. 408, 411-12 (2000). "We will not reverse the trial court's ruling unless there is a clear abuse of that discretion." *Id.* (quotation omitted).

■ After a careful review of the record, we are unable to conclude that the trial court abused its discretion. While the ages of the children and their willingness to testify supports the defendant's contention that it was error to exclude their testimony, the record also shows that the judge read the lengthy, handwritten statements that both children gave the police. In those statements the children described in detail the incident that formed the basis for the domestic violence petition. Both statements were helpful to their father's defense and contradicted some of their mother's testimony. The defendant does not assert the children's testimony would have differed from the evidence presented through their written statements, and therefore their live testimony would have been largely cumulative. *See State v. Davis*, 143 N.H. 8, 12 (1998). We thus conclude that the trial court did not abuse its discretion in deciding not to let them testify. *See id.*

We now address the defendant's argument that the trial court violated his due process rights when it precluded the children from testifying. We analyze his claim under the State Constitution first. *See State v. Ball*, 124 N.H. 226, 231 (1983). "Because the State Constitution is at least as protective as its federal counterpart, we will not conduct a separate federal analysis but will cite federal law only as an analytical aid." *Chandler v. Bishop*, 142 N.H. 404, 409 (1997) (citation omitted).

We have not previously addressed what due process requires at a final hearing under RSA chapter 173-B. The statute itself requires notice to the defendant, RSA 173-B:3, I, and a hearing within thirty days of the filing of the petition, RSA 173-B:3, VII, but is silent as to other procedural safeguards.

■ Under the statute, the court is authorized to issue protective orders that include a wide range of relief, including awarding custody to either

parent and excluding a defendant from residing in or even entering his own home. *See* RSA 173-B:5. In recent years, many States have enacted similar statutes establishing comparable procedures designed to guarantee speedy access to the courts for victims of domestic violence. Other courts have uniformly held that final hearings must comply with the general principles of due process by affording affected parties an opportunity to be heard. *See Knight v. Knight*, 525 N.W.2d 841, 843-44 (Iowa 1994); *Zuco v. Tucker*, 609 N.W.2d 59, 63-64 (Neb. Ct. App. 2000); *Chanfrau v. Fernandez*, 782 So. 2d 521, 522 (Fla. Dist. Ct. App. 2001); *Striedel v. Striedel*, 15 S.W.3d 163, 166 (Tex. App. 2000).

"The fundamental requisite of due process is the opportunity to be heard." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); *see also Town of Bethlehem v. Tucker*, 119 N.H. 927, 929 (1979). While this "hearing must be at a meaningful time and in a meaningful manner," *Goldberg*, 397 U.S. at 267 (quotation omitted); *see also Duffley v. N.H. Interschol. Ath. Assoc., Inc.*, 122 N.H. 484, 486 (1982), "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quotation omitted); *see also Provencal v. Provencal*, 122 N.H. 793, 797 (1982). Accordingly, the specific components of the hearing must be tailored to suit the circumstances of the case. *Goldberg*, 397 U.S. at 268-71; *see also Provencal*, 122 N.H. at 797.

■ In this case, the defendant was permitted to cross-examine each of the plaintiff's witnesses, including the plaintiff. Further, the court permitted the defendant to present his case through his own testimony and by offering the children's handwritten statements, which gave lengthy detailed descriptions of their observations corroborating much of the defendant's testimony. The defendant was thus given the opportunity to present his case through cross-examination of adverse witnesses, his own testimony and the children's handwritten statements. Because he was given an adequate opportunity to present his case, we cannot say that excluding the children's testimony on this record violated his right to due process. *Cf. Striedel*, 15 S.W.3d at 166 (depriving appellant any opportunity to present evidence violated due process); *Zuco*, 609 N.W.2d at 63-64 (holding court's blanket policy limiting nonparty witnesses in protection order cases violates due process).

Finally, the defendant asserts that excluding the children's testimony denied him the right to a public trial. The defendant, however, did not raise this issue in the superior court as a distinct issue separate from the

due process issue. We therefore decline to address it. *See Lake v. Sullivan*, 145 N.H. 713, 718 (2001).

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; NADEAU, J., with whom BROCK, C.J., joined, dissented.

NADEAU, J., dissenting : One of the most difficult appellate tasks is to review decisions made as a matter of judicial discretion. Although there are often no specific mandates or explicit proscriptions by which to guide the use of discretion, it must be exercised within discernible and reviewable boundaries. An appellate court will reverse such a decision only upon a finding that the trial court has "abused its discretion." I think that characterization is unfortunate because it is too easily misunderstood by those not familiar with the concept of judicial discretion as misconduct by the judge.

When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. I believe the record in this case does not sustain the exercise of judicial discretion preventing the children from testifying.

The children, fifteen and sixteen years old, were at court on the day of the final hearing, ready and anxious to testify. Both had witnessed the altercation that led to the domestic violence charge, had been interviewed by the police and had given written statements of the events. There was no question about their competence to testify or the relevance of their testimony. There was no suggestion their testimony would have been cumulative of other evidence offered by the defendant. The court did not conduct a preliminary interview with the children or appoint a guardian ad litem to represent their interests. No evidence was taken to determine whether testifying would be harmful to them; nor did the court weigh any harm it may have perceived against the right of the defendant to produce evidence. Nevertheless, following a chambers conference, the court prohibited the children from testifying.

The plaintiff's motion *in limine* to prevent the children's testimony was argued in chambers, off the record, on the day of the final hearing. No written findings were made to explain the court's ruling. The only recorded indication of a reason for the judge's decision appears at the conclusion of the final hearing, when she offered her personal opinion that "it's offensive that you had the children here today. I don't think it's fair to them to put them in the middle."

Although the record indicates the judge read the children's statements, it also indicates she received and read those statements in court during the final hearing — hardly a satisfactory substitute for recorded testimony in court upon a domestic violence charge which, if proved, would carry significant adverse consequences for the defendant relating to custody, visitation and other individual rights.

Because the record does not support any basis for the exercise of her discretion to prevent the children from testifying other than subjective opposition to their participation, I would reverse. Respectfully, therefore, I dissent.

BROCK, C.J., joins in the dissent.