Hillsborough-northern judicial district
No. 2001-488

IN THE MATTER OF KAREN ALEXANDER AND JONATHAN EVANS

Submitted: January 28, 2002
Opinion Issued: February 11, 2002

*New Hampshire Legal Assistance*, of Manchester (*Susannah Colt* on the brief), for the petitioner.

*Cazden Law Office*, of Manchester (*Elizabeth Cazden* on the brief), for the respondent.

NADEAU, J. The respondent, Jonathan Evans, appeals from an order of the Superior Court (*Lynn*, J.) granting a final domestic violence protective order to the petitioner, Karen Alexander. He argues that the evidence was insufficient to support a finding that his conduct "constitute[d] a credible threat to the [petitioner's] safety," RSA 173-B:1, I (Supp. 2001). We reverse.

The relevant facts follow. The parties were married for approximately three and one-half years, divorcing in May 2000. In August 2000, the petitioner filed a petition alleging that the respondent was stalking her. *See* RSA 633:3-a (1996 & Supp. 2001). The court found that the parties had a consensual relationship after their divorce and that the petitioner failed to prove that the respondent stalked her. Nonetheless, because neither party wanted further contact with the other, the court added a permanent mutual restraining order to the parties' divorce order. The mutual restraining order prohibited both parties from "hav[ing] any contact, direct or indirect, by telephone, mail, in person or otherwise with the other party." *See* RSA 458:16 (Supp. 2001).

In June 2001, the petitioner filed a domestic violence petition against the respondent, alleging that he had "shown physical violence in [the] past" and that she feared for her personal safety because he owned weapons. The petition further alleged that since entry of the mutual restraining order, the respondent had made direct contact with her. The trial court found in favor of the petitioner and issued a final domestic violence restraining order against the respondent. The trial court also held the

respondent in contempt of the mutual restraining order entered in the parties' divorce action. The respondent does not contest the court's contempt ruling on appeal.

"[W]e review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Fichtner v. Pittsley*, 146 N.H. 512, 515 (2001) (quotations and citations omitted).

The trial court ruled that the evidence supported a finding, which the respondent does not contest, that he engaged in harassment as defined in RSA 644:4, I(f) (Supp. 2001). Under this provision, a person is guilty of misdemeanor harassment if he or she "[w]ith the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose or constitutionally protected." To justify the final domestic violence restraining order, however, the evidence must also have supported a finding that the conduct constituted a threat to the petitioner's safety. RSA 173-B:1, I; *see also Fichtner*, 146 N.H. at 516; *In re Morrill*, 147 N.H. 116, 117 (2001).

At the hearing, the petitioner submitted evidence that the respondent contacted her on numerous occasions. She testified, for instance, that the evening before the hearing, the respondent pulled his car alongside of her car and made a rude gesture towards her. She also testified that whenever she notified his employer or the police that he had violated the mutual restraining order, the respondent retaliated by "making up stories that [she] contacted him or that [she] egged his car, [broke] his windshield, that [she is] constantly paging him."

The petitioner introduced as evidence a card that the respondent apparently sent to her in October 2000, in which he told her that he loved her. She also submitted other undated notes and cards from the respondent in which he sought to reconcile with her, and she submitted a log of telephone calls that she asserted were from the respondent because her phone did not identify the caller and because the caller hung up. Other documents submitted by the petitioner showed that she had seen the respondent at her place of work in August or September of 2000.

A co-worker of the petitioner testified that the respondent had approached her and told her to "watch out" for the petitioner. Another co-worker testified that the respondent came to the petitioner's home one morning and asked if the petitioner was home.

While these types of contacts and rude gestures were sufficient to support a finding that the respondent harassed the petitioner, as defined

by RSA 644:4, I(f), they were insufficient to support a finding that the harassment constituted a credible threat to the petitioner's safety. *See* RSA 173-B:1, I. Accordingly, it was error for the trial court to enter the final domestic violence restraining order based upon this evidence.

*Reversed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.