# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0119, <u>In the Matter of Sumner Chabot and Brittney Ober</u>, the court on October 12, 2016, issued the following order:**

Having considered the petitioner's brief and reply brief, the respondent's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Sumner Chabot (father), appeals a final decree and parenting plan proposed by the respondent, Brittney Ober (mother), and approved by the Circuit Court (<u>Cross</u>, R.; <u>Lawrence</u>, J.), in his parenting petition. He further appeals the Trial Court's (<u>DalPra</u>, M.; <u>Lawrence</u>, J.) denial of his motion for reconsideration. He argues that, because he did not receive actual notice of the hearings due to his failure to notify the trial court of his change of address, because the parenting plan is, he asserts, "unreasonable," and because the trial court did not expressly address or consider the best interest factors of RSA 461-A:6, I (Supp. 2015), the trial court deprived him of due process and unsustainably exercised its discretion.

The trial court has broad discretion in matters involving parenting rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). When determining parental rights and responsibilities, the trial court's overriding concern is the best interest of the child. <u>Id</u>. RSA 461-A:6, I, codifies the best interest standard, setting forth specific factors that the trial court is required to consider. <u>Id</u>.

We have recognized "that a child's best interests are served when a trial court has broad discretion to consider all factors bearing on the child's welfare and is not compelled to treat any single factor as dispositive of the inquiry." <u>In re Name Change of Goudreau</u>, 164 N.H. 335, 338 (2012). Moreover, although the trial court is required to consider the factors in RSA 461-A:6, I, nothing in the statute, absent a party's request, obligates the trial court to issue express findings of fact relative to those factors. <u>See</u> RSA 461-A:6, VII (requiring trial court, "[a]t the request of an aggrieved party," to "set forth the reasons for its decision in a written order" (Emphasis added.)); <u>cf</u>. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 598-99 (2011) (observing that the factors considered by the trial court in resolving a parenting dispute were <u>consistent</u> with the factors set forth in RSA 461-A:6, I). Rather, we generally assume that the trial court made all subsidiary findings necessary to support its general ruling,

including a finding that a parenting plan is in the child's best interest. In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005).

We will not overturn the trial court's ruling on a parenting petition, or on a motion for reconsideration, absent an unsustainable exercise of discretion. Miller & Todd, 161 N.H. at 630; Smith v. Shepard, 144 N.H. 262, 264 (1999); see also State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). This means that we review only whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgments, and will not disturb its determinations if they reasonably could have been made. Miller & Todd, 161 N.H. at 640; Lambert, 147 N.H. at 296. To establish that the trial court unsustainably exercised its discretion, the father must demonstrate that its rulings were clearly untenable or unreasonable to the prejudice of his case. Lambert, 147 N.H. at 296.

The father was obligated to provide the trial court with his address, and to notify it of any changes to his address during the case. Fam. Div. R. 2.3(G); see also State v. Fraser, 116 N.H. 642, 643 (1976) ("Where a defendant has given directions specifying where notice shall be sent, it is his duty to inform the [court] of any change in address."). These requirements were not relaxed merely because he was self-represented. In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006). The fact that a party has failed to receive notice from a court due to that party's failure to advise the court of a change of address does not render the notice defective. Fraser, 116 N.H. at 643.

In this case, the father filed his parenting petition on August 12, 2015, disclosing a residential address in Greenville. The parties' child was born two months earlier, and resided with the mother. With the petition, the father filed an emergency motion seeking "immediate visitation rights," claiming that the mother had not allowed him to see the child since the child's birth. Although the trial court denied the emergency motion, it scheduled a temporary hearing to occur on August 31, 2015. It additionally notified the parties of their obligation to attend a child impact seminar within forty-five days after service of the petition, see RSA 458-D:2-:4 (Supp. 2015); Fam. Div. R. 2.10, scheduled a first appearance to occur on September 21, 2015, see Fam. Div. R. 2.11, and scheduled a mediation to occur on November 4, 2015, see Fam. Div. R. 2.13. Following the temporary hearing, at which both parties appeared, the trial court approved a temporary agreement addressing visitation. The agreement provided the father "and/or his parents" the right to visit the child for a two-hour period of time twice per week, and required that "all visits . . . be in the presence of [the mother] or her mother" until the father and his parents became "familiar with [the child] and her routine."

After the temporary hearing, the record reflects that the father failed to attend a child impact seminar, or the scheduled mediation. Likewise, the mother asserts, and the father does not dispute, that he failed to attend the

2

September 21 first appearance. At some point, the father moved. He did not, however, notify the trial court of his change of address at that time, and apparently did not provide the post office with a forwarding address.

The trial court notified the father of a November 30, 2015 pretrial hearing by sending notice of the hearing to his address of record. At the hearing, which the father did not attend, the mother represented that she had sent the father an e-mail an hour before the hearing "reminding him" of it. She further represented that she thought he had moved, but had failed to inform the court. According to the mother, the father had been "pretty disinterested," and she asserted that he "goes to the visits [with the child] and plays with his cell phone and then he leaves. So I'm not sure that this is a priority for him." The trial court then indicated that it would schedule a final "default" hearing for December 21, 2015. In the pretrial conference report, the trial court identified the "father's lack of active involvement with child" as a factor justifying sole decision-making responsibility. The trial court additionally "advised" the father in the pretrial conference report that "his failure to appear at the final hearing and failure to demonstrate good cause for his default at the pretrial conference will result in the granting of mother's proposed final orders without his input."

The trial court again mailed notice of the December 21 final hearing to the father's address of record. The father did not attend the hearing, and at the mother's request, the trial court approved the mother's proposed final decree and parenting plan. Pursuant to the parenting plan, the mother was granted sole decision-making authority and primary residential responsibility. The father was granted parenting time with the child "as the parties agree," but was required to exercise his parenting time at the mother's home with the mother present "until [he] is able to meet [the child's] physical, emotional, and medical needs." Additionally, the parenting plan provided that "[i]nstead of RSA 461-A:12 [(Supp. 2015)], this plan shall include the following relocation details: [the mother] shall be entitled to move [the child] as long as she provides [the father] with her address within 7 days of moving." Finally, the trial court imputed income to the father of $800 per week based upon the mother's representation that he had recently told her that he had earned that amount in a week, and entered a uniform support order requiring that he pay $100 per week in child support, imposing a "medical support reasonable cost obligation" of $80 per month, and requiring that he contribute 50% toward the child's uninsured medical expenses.

The father moved for reconsideration, requesting that he be granted joint decision making authority and equal residential responsibility, that relocation of the child be governed by RSA 461-A:12, and that his child support obligation be reduced to $0. In the motion, he asserted that he had "missed the first hearing" because his address had changed, that the mother had notified him that he had "missed that first appointment," and that he "immediately attempted to fix this by going to the DMV because [he] believed [his] legal

3

address was tracked by [his] license." Because he had mistakenly believed that the trial court would learn of his new address through this action, the father claimed that he "missed more notices." The father faulted the mother for allegedly continuing to "send all notices to the bad address" after he had notified her of his move, and for "never inform[ing] [him] of any other appointments or court dates." According to the father, he "ha[d] emails to substantiate" that the mother "intentionally deceived [him] all along so [that he] would not know about these court dates." However, the record does not reflect that he submitted the purported e-mails with his motion.

The mother objected. She disputed that the father had ever advised her of his address change. However, she asserted that the father had provided her with his e-mail address, and that her counsel had sent him all of her motions and proposed orders by way of e-mail. Moreover, the mother alleged that during the father's parenting time, he had "shown very little interest in" the child, had "never fed or changed" the child, had "barely even held" the child, and had "tend[ed] to either play on his phone or talk to whoever happen[ed] to be present." According to the mother, the father "ha[d] acknowledged that he doesn't have a lot of time to devote to" the child. Because, according to the mother, the father was "uncomfortable and clearly not bonded with" the child, the mother argued that an equal parenting schedule would not be in the child's best interest. The trial court denied the motion, noting that the father may "file pleadings seeking modification." This appeal followed.

At the outset, we note that, at no point in his motion for reconsideration did the father argue that the trial court had deprived him of due process or of his constitutional right to parent his child. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Because the father did not argue in the trial court that it had deprived him of his constitutional rights, he has failed to preserve a constitutional challenge on appeal. See State v. Blackmer, 149 N.H. 47, 48 (2003). We note, however, that even if the father had preserved a constitutional argument, the record unequivocally establishes that his failure to receive the trial court's notices was solely attributable to his neglect in failing to notify the trial court of his change of address. Accordingly, the trial court's notices were not defective. See Fraser, 116 N.H. at 643.

Upon this record, we cannot say that the trial court unsustainably exercised its discretion by approving the proposed parenting plan. The mother's representations establish that, during his parenting time, the father was not engaged with the child, and that he had not yet bonded with the child. Moreover, the father's lack of participation in his own case, including his failures to attend a child impact seminar or the scheduled first appearance and

4

mediation, in addition to his failures to notify the trial court of his address change even after learning that he had missed a hearing, corroborated the mother's assertion that the father had shown little interest in developing a relationship with his child. Under these circumstances, the trial court's assumed findings, see Kosek, 151 N.H. at 725, that it was in the child's best interest to limit the father to parenting time at the mother's home at times to which the parties agree, and to grant the mother sole decision-making responsibility, were reasonably supported by the record and consistent with RSA 461-A:6, I. See, e.g., RSA 641-A:6, I(a)-(c) (trial court may consider each parent's existing relationship with the child and abilities to provide the child with nurture, love, affection, and guidance, to assure that the child receives adequate food, clothing, shelter, medical care, and a safe environment, and to meet the child's developmental needs). Likewise, absent a showing that the father was prepared to care for the child, the trial court reasonably could have found that it was in the child's best interest to provide the mother with greater flexibility to relocate the child than is allowed under RSA 461-A:12. We note that RSA 461-A:12 applies only if an "existing parenting plan, order on parental rights and responsibilities, or other enforceable agreement . . . does not expressly govern the relocation issue." RSA 461-A:12, I.

Nor did the trial court unsustainably exercise its discretion by denying the father's motion for reconsideration. The father offered no legitimate excuse for failing to notify the trial court of his change of address. Although he claimed that the mother had purposely sent her pleadings to an invalid mailing address and failed to notify him of the hearings so as to conceal them, the mother disputed these assertions, and her counsel represented that she in fact had e-mailed all pleadings to the father. Moreover, it was the father's obligation to notify the trial court of his changed address. The father failed to do so even after, by his own admission, the mother had advised him that he had failed to attend a hearing.

We emphasize, as did the trial court, that the father is free to seek modification of the parenting plan, see RSA 461-A:11 (Supp. 2015), or to request that the trial court enforce his rights under it. Although the father is correct that RSA 461-A:11 limits the circumstances under which he may be entitled to modification, see In the Matter of Muchmore & Laycox, 159 N.H. 470, 473-74 (2009), the statute provides some measure of relief, and the trial court has authority to enforce its own order.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

5