**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0578, <u>Misty Brisiel v. Jonathan Brisiel</u>, the court on March 28, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jonathan Brisiel, appeals an order of the Circuit Court (<u>DalPra</u>, Master, approved by <u>Introcaso</u>, J.) granting a domestic violence final order of protection to the plaintiff, Misty Brisiel, <u>see</u> RSA 173-B:5 (Supp. 2016), arguing that the trial court erred in finding the evidence sufficient to support the protective order. He also argues that the court deprived him of his due process rights by allowing the plaintiff to testify that she previously filed a petition for a protective order, without allowing him to testify that the court dismissed the prior petition.

The defendant first argues that the evidence was insufficient to support a finding of abuse under RSA 173-B. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or are legally erroneous. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party—in this case, the plaintiff. <u>See id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1, I (Supp. 2015); <u>Achille</u>, 167 N.H. at 716. The trial court found that the defendant committed the criminal acts of reckless conduct, as defined in RSA 631:3, <u>see</u> RSA 173-B:1, I(a), and criminal threatening, as defined in RSA 631:4, <u>see</u> RSA 173-B:1, I(b).

Assuming, without deciding, that the defendant is correct that the evidence was insufficient to support a finding of reckless conduct as defined in RSA 631:3 (2016), we cannot conclude that the evidence was insufficient to support the court's finding of abuse by criminal threatening as defined in RSA 631:4 (2016). <u>See</u> RSA 173-B:1, I (defining abuse to include the commission or attempted commission of <u>one</u> <u>or</u> <u>more</u> of the enumerated criminal acts). A

person is guilty of criminal threatening if, by physical conduct, he places another in fear of imminent bodily injury or physical contact. RSA 631:4, I(a).

The plaintiff testified that on September 2, 2016, she drove to the defendant's residence after receiving a telephone call from the parties' eldest daughter reporting that the defendant had left the children unattended. She testified that she was in her motor vehicle with the children waiting for the police to arrive, when the defendant "pull[ed] up in his car," and "immediately . . . came over to [her] vehicle." The plaintiff testified that she closed the vehicle's sun roof because she "was scared that he was going to reach into my car," given how close he stood to the windows. The defendant "started banging on the window" and "continued to bang on my car." The plaintiff again telephoned the police and told the dispatcher that she was scared because "he was banging on the car." When the plaintiff started her vehicle, the defendant "got in his vehicle" and "blocked [her] in at his residence." When the police arrived, the officers "had to ask him twice to back away from the vehicle."

The defendant denied pounding on the windows of the vehicle and presented a different version of events. We defer to a trial court's judgment as to such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). The trial court found that the defendant "was angry," that he "pounded on the windows of [the plaintiff's] vehicle," and that he "acted in such a threatening manner so as to place her in fear for her safety." We conclude that the evidence is sufficient to support these findings. See Achille, 167 N.H. at 715.

The defendant next argues that the trial court deprived him of his due process rights by allowing the plaintiff to testify that she previously filed a petition for a protective order, without allowing him to testify that the court dismissed the prior petition as unfounded. In support of his position, the defendant cites In the Matter of Morrill and Morrill, 147 N.H. 116 (2001), in which we held that, under the State Constitution, hearings held under RSA chapter 173-B "must comply with general principles of due process by affording affected parties an opportunity to be heard." Morrill, 147 N.H. at 118-19 (noting that the State Constitution is "at least as protective as its federal counterpart").

At the hearing in this case, the plaintiff testified, "This is the second restraining order I've filed in two years," but added that "the restraining order never holds up." The defendant did not object to her testimony. At the start of his testimony, he attempted to discuss the court's ruling in the prior case, but the court instructed him, "Never mind the ruling. Why don't you tell me what happened on this particular date, sir?" The defendant did not object to the court's instruction, and he presented his account of the September 2, 2016 incident.

2

Assuming, without deciding, that the defendant preserved a state constitutional issue for review, but see State v. Dellorfano, 128 N.H. 628, 632 (1986) (to preserve a state constitutional claim, the defendant must raise it in the trial court and specifically invoke a provision of the State Constitution in his brief); State v. Porter, 144 N.H. 96, 100-01 (1999) (rules of preservation are not relaxed for a self-represented party), we cannot conclude that he was deprived a fair opportunity to present his case, see Morrill, 147 N.H. at 119.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

3